UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,
          Plaintiff,

v.

STATE OF MICHIGAN et al.,
          Defendants.

Case No. 24-11105
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (ECF NO. 26); ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION (ECF NO. 19); AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF NO. 15)**

## I.   Introduction

Pro se plaintiff Sean Michael Ryan ("Ryan"), a prisoner currently in the custody of the Michigan Department of Corrections ("MDOC") and housed at the Thumb Correctional Facility ("TCF"), filed this complaint alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq.*; the Rehabilitation Act ("RA"), *see* 29 U.S.C. §§ 701-796; Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), *see* Mich. Comp. Law §§ 37.2101-37.2804; the Eight Amendment; and the Michigan Constitution, MI CONST. Art. 1, § 16. ECF No. 1. Ryan sues multiple

defendants for their alleged failure to provide him with special accommodations and denial of services during his custodial stay at the MDOC's G. Robert Cotton Correctional Facility ("JCF"). *Id.* This case was referred to the assigned magistrate judge for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 10.

Defendants State of Michigan, MDOC, Bureau of Health Services ("BHCS"), JCF, MDOC Director Heidi Washington, JCF Warden Kim Cargor, JCF Resident Unit Manager ("RUM") Mindy Hill, and JCF Health Unit Manager ("HUM") Serina Landfair (collectively, "the State of Michigan Defendants") filed a motion to dismiss Ryan's complaint.[1] ECF No. 15. The motion was fully briefed, ECF Nos. 17, 18, and the magistrate judge issued a Report and Recommendation ("R&R") on January 28, 2025, recommending the Court grant the State of Michigan Defendants' motion to dismiss because 1) Ryan's federal constitutional and statutory claims against the State of Michigan, MDOC, JCF, and BHCS are barred by the

---

[1] The magistrate judge directed service by the U.S. Marshal (ECF Nos. 2, 6, 7), and the USMS attempted service upon thirteen (13) defendants (ECF No. 9). To date, only eight (8) defendants – State of Michigan, MDOC, BHCS, JCF, Washington, Cargor, Landfair, and Hill – have appeared via counsel. ECF No. 13. Defendants Alexis Rogers, Bale, Hallet, Herro, and Jamisen have yet to appear.

Eleventh Amendment; 2) Ryan has not adequately alleged personal involvement as to his 42 U.S.C. § 1983 claims against Washington, Cargor, Hill, and Landfair; and 3) the Court should decline to exercise supplemental jurisdiction over Ryan's state law claims against Washington, Cargor, Hill, and Landfair. ECF No. 19. Ryan filed timely objections to the R&R. ECF No. 26.

## II.     Analysis

As noted in the R&R, "the parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided in the Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d)." ECF No. 19, PageID.262. "A failure to file timely objections not only waives the right to de novo review of a Magistrate Judge's Report and Recommendation but dispenses with the need for the district court to conduct any review." *Jones v. Warden, Ross Corr. Inst.*, 2013 WL 6230365, at *2, (S.D. Ohio Dec. 2, 2023) (citations omitted).

A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted). Absent "compelling reasons," arguments, or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

### III.   Discussion

Ryan asserts five objections to the R&R. ECF No. 26. First, Ryan objects to the R&R's finding that the Eleventh Amendment bars his federal claims against the defendant entities, State of Michigan, MDOC, BHCS, and JCF, arguing that he seeks both injunctive relief and monetary damages and that these defendants do not necessarily have Eleventh

Amendment immunity from his claims under the ADA and the RA. The Court agrees and sustains this objection.

Notably, defendants' motion asserts Eleventh Amendment immunity for the entity defendants only as to Ryan's claims under 42 U.S.C. § 1983. *See* ECF No. 15. Nevertheless, the magistrate judge sua sponte determined that the Eleventh Amendment barred Ryan's ADA and RA claims against the State of Michigan, MDOC, BHCS, and JCF. *See* ECF No. 19, PageID.251-52.

As noted in the R&R, public entities or officials acting in their official capacity are proper defendants for Title II ADA claims. *Bush v. Washington*, 2024 WL 4647796, at *12 (W.D. Mich. Nov. 1, 2024) (citing *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002)). Regarding Eleventh Amendment immunity, the Supreme Court has recognized and accepted Congress's intent to abrogate sovereign immunity for certain Title II ADA claims. *U.S. v. Georgia*, 546 U.S. 151, 154 (2006) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001)). *Georgia* instructs that, in analyzing a Title II claim, a court must

> determine in the first instance, on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II

but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Zibbell v. Mich. Dep't of Human Servs.*, 313 F. App'x 843, 847 (6th Cir. 2009) (quoting *Georgia,* 546 U.S. at 159) (internal marks omitted). In other words, the constitutional question of abrogation of Eleventh Amendment immunity "will be reached only after finding a viable claim under Title II." *Id*. at 847–48 (internal quotation omitted). Claims under the RA are reviewed similarly to claims under the ADA. *Id*. at 849 (quotation omitted).

Without an analysis of the viability of Ryan's claims under the ADA or the RA, the magistrate judge's consideration of Eleventh Amendment immunity for these claims against the defendant entities was premature. Ryan's first objection is sustained. His ADA and RA claims against all State of Michigan Defendants[2] survive defendants' motion. However, for the reasons stated in the R&R, Ryan's § 1983 claims against the entity

---

[2] The R&R explicitly does not address whether the Eleventh Amendment bars Ryan's claims against the individual defendants, Washington, Cargor, Hill, and Landfair. ECF No. 19, PageID.252.

defendants are barred by the Eleventh Amendment and thus are dismissed.[3]

Next, Ryan objects to the R&R's finding that his complaint did not sufficiently allege the personal involvement of the individual defendants, Washington, Cargor, Hill, and Landfair, arguing that a suit against individuals in their official capacities is equivalent to a suit against the governmental entity and thus his ADA and RA claims do not require the personal involvement of these defendants. See ECF No. 26, PageID.276.

The Court need not address the substance of this objection because the R&R's analysis and conclusions regarding the allegations of the individual defendants' personal involvement relate exclusively to Ryan's § 1983 claims.[4] *See* ECF No. 19, PageID.252-56. Ryan's objection does not address the R&R's findings as to these claims. Accordingly, Ryan's second

---

[3] Ryan does not object to the R&R's finding that the state entities enjoy Eleventh Amendment immunity from his § 1983 claims. *See* ECF No. 26.

[4] Although the R&R's heading for section II.D.3.a., "Eighth Amendment, Title II of the ADA & Rehabilitation Act," suggests otherwise, the content within that section addresses requirements for § 1983 claims only. ECF No. 19, PageID.254-56.

objection is overruled, and his § 1983 claims against the individual defendants will be dismissed.

Ryan's third objection does not contest a particular conclusion from the R&R and merely reiterates that the entity defendants are proper defendants for his ADA and RA claims. ECF No. 26, PageID.276-77. The R&R explicitly recognizes that a public entity or an official acting in his official capacity is a proper defendant for Title II ADA and RA claims. *See* ECF No. 19, PageID.251. Because Ryan's third objection does not raise a disputed issue, it is overruled.

Ryan's fourth objection argues that the R&R is incorrect in inferring that monetary damages are not available for his ADA claims. ECF No. 26, PageID.277. The R&R does not distinguish between injunctive relief and money damages in concluding that the Eleventh Amendment barred Ryan's claims against the entity defendants. As noted above, the Court rejects that conclusion as premature. As detailed in *Georgia*, a disabled inmate may, under certain circumstances, sue the state for money damages under Title II of the ADA. *See* 546 U.S. at 157-59. Accordingly, for the same reasons applied to Ryan's first objection, his fourth objection

is also sustained and his ADA and RA claims, including those for money damages, remain.

Finally, Ryan objects to the R&R's recommendation that this Court should decline supplemental jurisdiction over his state law claims against the individual defendants. ECF No. 19, PageID.260. Ryan argues that because state and federal claims remain against the individual defendants, the Court should exercise supplemental jurisdiction over his state claims. ECF No. 26, PageID.277. The Court agrees that it need not determine whether to exercise supplemental jurisdiction over Ryan's state claims at this early juncture. The Court may always decline to exercise supplemental jurisdiction over these claims in the future if the status of the federal claims changes. For now, however, the Court sustains Ryan's fifth objection and will not dismiss his state claims.

In summary, the Court **SUSTAINS** Ryan's first, fourth, and fifth objections and **OVERRULES** his second and third objections. ECF No. 26. The Court **REJECTS** the portions of the R&R finding that the defendant entities, the State of Michigan, MDOC, BHCS, and JCF, have immunity under the Eleventh Amendment for any claims other than those advanced under 42 U.S.C. § 1983 and recommending that this Court decline to

exercise supplemental jurisdiction over Ryan's state claims. ECF No. 19. The Court **ADOPTS** the portions of the R&R recommending dismissal of Ryan's § 1983 claims against all State of Michigan Defendants. *Id*.

Accordingly,

The State of Michigan Defendants' motion to dismiss (ECF No. 15) is **GRANTED** with respect to Ryan's § 1983 claims, and those claims against the State of Michigan Defendants are **DISMISSED**. The motion to dismiss is **DENIED** in all other respects. Ryan's § 1983 claims against the defendants yet to appear and his ADA, RA, and state law claims against all defendants remain.

    **IT IS SO ORDERED.**

Dated: March 21, 2025

    s/ Shalina D. Kumar
    SHALINA D. KUMAR
    United States District Judge