UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

                Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

                Defendants.

_____/

Case No. 4:24-cv-11105

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MAY 12, 2025 MOTION
TO AMEND THE COMPLAINT (ECF No. 34)</u>**

**I.     OPINION**

    **A.     Background**

Sean Michael Ryan initiated this lawsuit in 2024, while located at the

Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional

Facility (JCF), against sixteen (16) Defendants – thirteen (13) identified by name

and three (3) unidentified.  (ECF No. 1, PageID.2-6.)

Two orders of this Court have narrowed the original pleading.  First, on

March 21, 2025, Judge Kumar entered an order dismissing Plaintiff's § 1983

claims against the State of Michigan (SOM) Defendants but leaving Plaintiff's §

1983 claims against the then five yet-to-appear Defendants and Plaintiff's ADA,

RA, and state law claims against all Defendants.  (ECF No. 28, PageID.281 n.1,

1

PageID.289.)  Second, on February 19, 2026, the Undersigned entered an order construing Plaintiff's April 18, 2025 motion (ECF No. 31) as seeking voluntary dismissal of certain Defendants pursuant to Fed. R. Civ. P. 41(a), granting the motion, and dismissing Plaintiff's claims against all but three Defendants.  (ECF No. 46.)

Thus, the only remaining claims are Plaintiff's ADA, RA, and state law claims against the SOM, the MDOC, and the Bureau of Health Services.

**B.      Instant Motion**

Judge Kumar has referred this case to me for pretrial matters.  (ECF No. 10.) Currently pending before the Court is Plaintiff's May 12, 2025 motion "to amend his complaint to state a claim solely against the [SOM] Defendants."  (ECF No. 34.)  Attached to his motion and proof of service (*id*., PageID.328-329) are:  (1) a 55-page complaint (*id*., PageID.330-384); and, (2) 240 pages of exhibits (*id*., PageID.385-427; ECF No. 34-1; ECF No. 34-2).

Defendants Rogers, Herro & Bale have filed a response (ECF No. 39),[1] the SOM & MDOC Defendants have filed a response (ECF No. 40), and Plaintiff has filed a reply (ECF No. 41).  This motion is now ready for decision.

---

[1] Understandably, Rogers, Herro, and Bale "have no objection to Plaintiff's voluntary dismissal of them as Defendants (ECF No. 31), and therefore have no objection to Plaintiff's Motion to Amend (ECF No.34)."  (ECF No. 39, PageID.634.)

**C.     Fed. R. Civ. P. 15 ("Amended and Supplemental Pleadings")**

The Court presumes Plaintiff brings his motion to amend pursuant to Fed. R. Civ. P. 15(a), which concerns amendments before trial. This rule permits amending a pleading once as a matter of course within "**(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(b).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b). As the Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 382–83 (6th Cir.1993)).  "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421.

**D.     Discussion**

Preliminarily, the Court observes that Plaintiff has organized his proposed amended complaint consistent with the nine sections delineated in the Court's form prisoner complaint, because the section titles in his complaint mirror those in the form:  (1) "The Parties to This Complaint" (*id*., PageID.331-332); (2) "Basis for Jurisdiction" (*id*., PageID.333-334); (3) "Prisoner Status" (*id*., PageID.334); (4) "Statement of Imminent Danger, Facts and Claims" (*id*., PageID.334-366), which the Court's form labels as "Statement of Claim"; (5) "Injuries" (*id*., PageID.367-373); (6) "Relief Requested" (*id*., PageID.374-380); (7) "Exhaustion of Administrative Remedies" (*id*., PageID.381); (8) "Previous Lawsuits" (*id*., PageID.381-383); and, (9) "Certification and Closing" (*id*., PageID.383).  *See also*

4

https://www.mied.uscourts.gov/PDFFIles/ProSe14.pdf; Fed. R. Civ. P. 8(a)(1);

Fed. R. Civ. P. 8(a)(3).

Still, as stated below, the 54-page, proposed amended pleading (*id.*, PageID.330-383), including its 32-page "Statement of Imminent Danger, Facts and Claims" (*id.*, PageID.334-366), presents at least some claims that do not provide "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), <u>or</u> "fail[] to state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6), and/or are futile.

### 1.    The proposed "statement of claims" includes previously dismissed § 1983 claims.

Plaintiff's initial pleading is based, in part, on the Eighth Amendment right to be free from cruel and unusual punishment.  (*See* ECF No. 1, PageID.16; *see also id.*, PageID.18-24 ¶¶ 2-10.)  However, as noted above, Judge Kumar's March 21, 2025 order clearly dismissed Plaintiff's § 1983 claims against the SOM Defendants as barred by the Eleventh Amendment (*see* ECF No. 28, PageID.285-286, 289),  but left Plaintiff's ADA, RA, and state law claims (*id.*, PageID.289).

Yet, Plaintiff's subsequently filed proposed "Statement of Claims" clearly references "federal constitutional amendments" (ECF No. 34, PageID.352), and it also makes multiple references to the Eighth and/or Fourteenth Amendments (*id.*, PageID.355, 356).  Indeed, he mentioned these constitutional amendments within his basis for jurisdiction.  (*Id.*, PageID.333.)

Thus, Plaintiff's proposed amended complaint seeks to re-introduce claims against the SOM, MDOC, and Bureau of Health Services regarding "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," 42 U.S.C. § 1983, and Judge Kumar has already dismissed such claims. Accordingly, to the extent the proposed amended complaint contains § 1983 claims against the SOM, MDOC, and Bureau of Health Services, amendment would be futile. *See Foman*, 371 U.S. at 182; *Rose*, 203 F.3d at 421. Accordingly, Plaintiff's motion to amend his original complaint with the proposed amended complaint (*see* ECF No. 34, PageID.330-384) will be denied.[2]

### 2. The Court need not address the parties' remaining arguments.

In their response, the SOM, the MDOC and the Bureau of Health Services contend that Plaintiff's proposed amended complaint contains claims that "are untimely and subject to dismissal" under "the three-year statute of limitations," (*see* ECF No. 40, PageID.647-648), to which Plaintiff replies by discussing the continuing violations doctrine (*see* ECF No. 41, PageID.654-656). The parties are also at odds about whether the proposed claims are barred by the doctrines of collateral estoppel and res judicata, with Defendants listing and briefly describing

---

[2] Plaintiff's simultaneous request that the Court "schedule early mediation," (*see id*., PageID.328), is also denied, as this case did not qualify for the *Pro Se Prisoner Early Mediation Program* (Administrative Order 18-AO-019).

five of Plaintiff's prior lawsuits in which he had judgment entered against him, purportedly involving the same conduct he now seeks to redress here.  (*See* ECF No. 40, 648-650; ECF No. 41, PageID.656-662.)  Finally, where Plaintiff's proposed amended complaint alleges he "filed Grievances claiming the same claims in this complaint at the following facilities in the Michigan Department of Corrections RGC, LRF, IBC, ICF, AMF, URF, SRF, MBP, DRF, ECF, JCF, LMF, and ARF[,]" (ECF No. 34, PageID.381),  Defendant contends the proposed pleading "asserts claims from every correctional facility that housed Ryan[,]" (ECF No. 40, PageID.645), and Plaintiff contends this fact is irrelevant to his motion to amend, considering Defendants are the SOM, the MDOC, and the Bureau of Health Services, "[n]ot the Employees or facilities of those entities[,]" (*see* ECF No. 41, PageID.653).

However, these issues need not be addressed; the Court has already concluded that Plaintiff's motion to amend should be denied because the proposed amended pleading contains claims against the remaining Defendants (*i.e.*, the SOM, the MDOC, and the Bureau of Health Services) that have already been dismissed by Judge Kumar.

## II.   ORDER

Upon consideration, Plaintiff's motion (ECF No. 34) is **DENIED.**

7

**IT IS SO ORDERED.**[3]

Dated:  February 26, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).