UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

Defendants.
_______________________________/

Case No. 4:24-cv-11105

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND THE COMPLAINT (ECF No. 50)**

# I. OPINION

## A. Background

Sean Michael Ryan (#787263) is currently located at the Michigan Department of Corrections (MDOC) Thumb Correctional Facility (TCF). (ECF No. 56. PageID.1199.) In 2024, while located at the MDOC's G. Robert Cotton Correctional Facility (JCF), Ryan initiated this lawsuit against sixteen (16) Defendants – thirteen (13) identified by name and three (3) unidentified. (ECF No. 1, PageID.2-6.)[1] Judge Kumar has referred this case to me for pretrial matters. (ECF No. 10.)

[1] In addition to the instant lawsuit, he has filed a multitude of other cases in this Court. *See*, *e.g.*, **2:12-cv-12709-NGE-MAR** *Ryan v. Saginaw Police Department et al* (prisoner civil rights); **4:14-cv-11611-LVP-MKM** *Ryan v. Napel* (habeas

Two orders of this Court have narrowed the original pleading. First, on March 21, 2025, Judge Kumar entered an order dismissing Plaintiff's § 1983 claims against the State of Michigan (SOM) Defendants but leaving Plaintiff's § 1983 claims against the then five yet-to-appear Defendants and Plaintiff's ADA, RA, and state law claims against all Defendants. (ECF No. 28, PageID.281 n.1, PageID.289.) Second, on February 19, 2026, the Undersigned entered an order construing Plaintiff's April 18, 2025 motion (ECF No. 31) as seeking voluntary dismissal of certain Defendants pursuant to Fed. R. Civ. P. 41(a), granting the motion, and dismissing Plaintiff's claims against all but three Defendants. (ECF No. 46.)

Thus, the only remaining claims are Plaintiff's ADA, RA, and state law claims against Defendants SOM, the MDOC, and the Bureau of Health Services (BHCS).

### B. Plaintiff's May 2025 Motion to Amend

---

corpus); **2:17-cv-10562-GCS-PTM** *Ryan v. Carson City Correctional Facility et al* (prisoner civil rights); **2:19-cv-12286-VAR-APP** *Ryan v. G. Robert Cotton Correctional Facility et al* (prisoner civil rights); **2:20-cv-11528-LJM-PTM** *Ryan v. Nagy et al* (prisoner civil rights); **2:20-cv-12502-SFC-EAS** *Ryan v. State of Michigan et al* (prisoner civil rights); **2:22-cv-13002-BRM-CI** *Ryan v. State of Michigan et al* (prisoner civil rights); **5:24-cv-10539-JEL-EAS** *Ryan v. Crane et al* (prisoner civil rights); **2:24-cv-10672-MAG-DRG** *Ryan v. Michigan, State of et al* (prison conditions); and, **2:24-cv-11534-LVP-EAS** *Ryan v. Watson et al* (prisoner civil rights) (pending motion for summary judgment).

In May 2025, Plaintiff filed a motion "to amend his complaint to state a claim solely against the [SOM] Defendants." (ECF No. 34.) Attached to his motion and proof of service (*id*., PageID.328-329) were: (1) a 55-page complaint (*id*., PageID.330-384); and, (2) 240 pages of exhibits (*id*., PageID.385-427; ECF No. 34-1; ECF No. 34-2).

Defendants Rogers, Herro & Bale filed a response (ECF No. 39), the SOM and MDOC Defendants filed a response (ECF No. 40), and Plaintiff filed a reply (ECF No. 41). On February 26, 2026, the Court entered an opinion and order denying Plaintiff's motion, because the proposed "statement of claims" included previously dismissed § 1983 claims. (ECF No. 48, PageID.687-688.)

**C. Plaintiff's April / May 2026 Motion to Amend**

Currently before the Court is Plaintiff's second motion to amend the complaint, dated and post-marked April 30, 2026 and filed on May 6, 2026. (ECF No. 50.) Attached to his one-page motion and one-page proof of service (*id*., PageID.695, 969) are: (1) a 41-page proposed "verified not[a]rized amended complaint for violation of civil rights," which names as Defendants the SOM, MDOC, and BHCS (*id*., PageID.696-736); (2) 232 pages of attachments (*id*., PageID.737-968).

The SOM, MDOC, and BHCS have filed a response (ECF No. 51), and Plaintiff has filed a reply (ECF No. 54). This motion is ready for decision.

**D. Discussion**

Preliminarily, as Plaintiff did in conjunction with his initial motion to amend (*see* ECF No. 34, PageID.331-383; ECF No. 48, PageID.686-687), Plaintiff has organized his proposed amended complaint consistent with the nine sections delineated in the Court's form prisoner complaint; the section titles in his complaint mirror those in the form: (1) "The Parties to This Complaint" (ECF No. 50, PageID.697-698); (2) "Basis for Jurisdiction" (*id*., PageID.699); (3) "Prisoner Status" (*id*., PageID.699-700); (4) "Statement of Claim" (*id*., PageID.700-727); (5) "Injuries" (*id*., PageID.728-730); (6) "Relief Requested" (*id*., PageID.730-733); (7) "Exhaustion of Administrative Remedies" (*id*., PageID.733-734); (8) "Previous Lawsuits" (*id*., PageID.734-735); and, (9) "Certification and Closing" (*id*., PageID.735-736). *See also* https://www.mied.uscourts.gov/PDFFIles/ProSe14.pdf.

**1. Fed. R. Civ. P. 15(a)(1) ("Amending as a Matter of Course.")**

Plaintiff brings his motion to amend pursuant to Fed. R. Civ. P. 15(a), which concerns amendments before trial. This rule permits amending a pleading once *as a matter of course* within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Contrary to his contention (ECF No. 50, PageID.695), Plaintiff was not entitled to amend as a matter of course when he submitted and filed his April / May 2026 motion. First, Plaintiff initiated his lawsuit in April 2024, service upon Defendants was attempted by mail in June 2024 (ECF No. 9), and Defendants SOM, MDOC, and BHCS appeared via counsel in August 2024 (ECF No. 13); thus, it is reasonable to assume that these Defendants had been served with the complaint no later than August 2024. Plaintiff's April / May 2026 motion was well more than 21 days later. Fed. R. Civ. P. 15(a)(1)(A).

Second, Plaintiff's request does not meet the conditions of Fed. R. Civ. P. 15(a)(1)(B). In his one-page motion, Plaintiff contends that the Court should allow him to file the attached amended complaint, because "[t]he defense has not yet filed a responsive pleading[.]" (ECF No. 50, PageID.695.) Clearly, this is a reference to Fed. R. Civ. P. 15(a)(1)(B). Indeed, Plaintiff points out that "Fed. R. Civ. P. 15(a) gives plaintiffs an absolute right to amend their complaint one time before a 'responsive pleading' is served." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000). *See also Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (quoting *Pertuso*). Still, while Plaintiff's original complaint "is one to which a responsive pleading is required," he may only amend *as a matter of course* no later than the *earlier* of "21 days after service of a responsive pleading" or "21 days after service of a motion

under Rule 12(b), (e), or (f) . . . ." Fed. R. Civ. P. 15(a)(1)(B). Even if Defendants SOM, MDOC, and BHCS have yet to file a responsive pleading, such as an answer (*see* Fed. R. Civ. P. 7(a)(2)), they were among the movants of the August 5, 2024 Fed. R. Civ. P. 12(b) motion for dismissal (ECF No. 15), and it since has been well more than 21 days.

**2. Fed. R. Civ. P. 15(a)(2) ("Other Amendments.")**

If Plaintiff may not amend as a matter of course, then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." (*Id.*) As the Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol*

*Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir.1993)). "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421.

To be clear, although Plaintiff brings his motion pursuant to Fed. R. Civ. P. 15(a), his one-page motion relies specifically on amending as a matter of course (*see* ECF No. 50, PageID.695); put another way, Plaintiff's motion does not argue why the Court should grant *leave to amend* consistent with Fed. R. Civ. P. 15(a)(2) or *Foman v Davis*. However, even if Plaintiff's motion were construed as seeking leave to amend, his motion for leave to file the proposed amended complaint is denied.

Defendants SOM, MDOC and BHCS oppose Plaintiff's motion to amend, contending the "proposed supplemental claims are futile." (ECF No. 51, PageID.975-977.) They note that Plaintiff "removed the non-state entities as defendants to this lawsuit" and that "the new proposed amended complaint does not make explicit references to federal constitutional amendments[.]" (ECF No. 51, PageID.975-976.) Yet, they contend that the new proposed amended complaint "parrots various elements of constitutional claims brought under 42 U.S.C. § 1983." (*Id.*, PageID.976.) For example, the proposed amended pleading alleges:

- In the "basis for jurisdiction" section that "[e]ach Defendant has *acted under color of state law* in [certain] ways . . . [,]" (ECF No. 50, PageID.699 ¶ C) (emphasis added);

- In the "statement of claim" section that "[t]he Medical conditions addressed below were never acknowledged or treated for no rational basis and by which burdened *the fundamental right to be free from cruel or unusual punishment*, and right to be free from discrimination on the basis of disability and *right to due process*[,]" (*id*., PageID.702 ¶ 6) (emphases added); and,

- In the "statement of claim" section that "Defendants [SOM, MDOC, and BHCS] were or should have been fully aware that to refuse to provide Plaintiff treatment for the Medical conditions listed below would be to treat Plaintiff [disparately] from all other [similarly] situated inmates especially where MDOC Policy requires such treatment[,]" (*id*.).

(ECF No. 51, PageID.976.)

Plaintiff has replied to Defendants' argument. (ECF No. 54, PageID.1180-1182.) Indeed, the Court recognizes the proposed amended complaint's seeming limitation to causes of action based on the ADA, the Rehabilitation Act, and Michigan's Elliot-Larsen Civil Rights Act (*see*, *e.g.*, ECF No. 50, PageID.700-727 ¶¶ 10-30, 32-78), which is perhaps to conform with Judge Kumar's March 21, 2025 ruling (*see* ECF No. 28, PageID.289) and the Undersigned's February 26, 2026 observations about Plaintiff's first attempt to amend (*see* ECF No. 48, PageID.687-688). Nevertheless, the Undersigned need not resolve the futility argument.

Even if filing the new proposed amended complaint would not be futile, there is another basis to deny the relief Plaintiff seeks. The new, proposed amended complaint significantly widens the period at issue in this matter. Specifically, within the operative, original April 2024 pleading's "statement of claims," Plaintiff alleges that, from April 9, 2019 to September 10, 2023, Defendants "have refused to ensure their subordinates or refused . . . themselves to provide [Plaintiff] with the following necessary special accommodations[,]" which he lists in sixteen (16) subparagraphs. (ECF No. 1, PageID.12-14 ¶ 2.) (*See also id.*, PageID.11-15 ¶¶ 1-7; *id.*, PageID.16-24 ¶¶ ¶¶ 1-10.) By comparison, the April / May 2026 proposed "statement of claims" – even when setting aside those paragraphs describing the events of 2006 to 2008 as "prior to [his] incarceration" (ECF No. 50, PageID.703-710 ¶¶ 10-28) – spans the period from December 29, 2010, when he was transferred from Saginaw County to MDOC custody (*see id.*, PageID.700 ¶¶ A, 1; *id.*, PageID.702 ¶¶ 8, 9), through "through the date of this filing and in a continuing violation into the unknown future" (*see id.,* PageID.700-727 ¶¶ A, 29-80). Thus, the proposed amended complaint's relevant period pre-dates and post-dates the period set forth in the currently operative, original complaint. More problematically, the one-page motion does nothing to explain this widened period. (*See* ECF No. 50, PageID.695.) Where Plaintiff's motion is silent on this significant change in Plaintiff's proposed pleading, the Court denies

leave to amend. It is Plaintiff's burden to show why he should be granted leave to amend. He has not met that burden.

## II. ORDER

Upon consideration, Plaintiff's April / May 2026 motion to amend his original complaint (ECF No. 50) with the proposed amended complaint and attachments (*see id*., PageID.696-968) is **DENIED.** Defendants SOM, MDOC and BHCS's May 26, 2026 motion to dismiss and for summary judgment (ECF No. 52) – which is based on the original complaint (*see* ECF No. 1; ECF No. 52, PageID.987, 995) and as to which briefing concluded with the movants' July 14, 2026 reply (*see* ECF Nos. 53, 55, 56, 57, 58) – will be addressed under separate cover.

**IT IS SO ORDERED.**[2]

Dated: November 14, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).